IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02918-WYD-MEH

CECILIA CARRERAS;
ROBSON CARVALHO;
MARISOL PANIAGUA;
ESTEBAN SERRATO,

    Plaintiffs,

v.

DONALD J. LEMON,

    Defendant.

---

## ORDER ENTERING DEFAULT JUDGMENT

---

THIS MATTER is before the Court on Plaintiffs' Motion for Default Judgment Under Fed. R. Civ. P. 55(b) (docket #14), filed February 12, 2010. Upon review of the file, including the Affidavit of Julie N. Richards In Support of Motion for Default Judgment and the evidence attached to the pleadings, and being duly advised in the premises herein, the Court hereby FINDS as follows:

    1.    Plaintiffs brought an action in this Court (Civil Action No. 07-cv-00739-MSK-KMT) for professional malpractice ("prior suit"). In the prior suit, Plaintiffs alleged legal malpractice against Defendant Lemon during the time he served as their immigration lawyer. The parties voluntarily entered into a settlement agreement to resolve the prior suit, which is attached to the pending motion at Exhibit C (docket #8). Defendant Lemon executed a promissory note to Plaintiffs ("Note") to secure his

promise to pay under the settlement agreement, which is also attached to the pending motion at Exhibit C (docket #8).

2. Pursuant to the Note, Defendant promised to pay $90,000.00 to Plaintiffs in 45 monthly installments of $2000.00 per month, beginning August 1, 2008. Payment was due on the first of every month. Defendant executed the Note on July 14, 2008 and paid the initial cash payment on August 8, 2008. He has paid a total of $5000.00 on the Note. Despite repeated contacts and demands, Defendant has not made any further payments. Under the Note, Defendant is in default if he "fails to make a monthly payment by the tenth day of the month in which it is due." Note ¶ 3. Defendant Lemon has defaulted on the Note. Pursuant to the Note, in the event of a default by Defendant Lemon, the Plaintiffs are entitled to declare the entire unpaid principle balance on this Note immediately due and payable. Note ¶ 4.

3. On December 11, 2009, Plaintiffs filed the instant Complaint seeking to enforce the Note. According to the Complaint, Defendant is in default under the settlement agreement executed in Civil Action No. 07-cv-00739-MSK-KMT for failing and refusing to comply with its provisions and the accompanying Note.

4. This Court has jurisdiction over this matter pursuant to diversity of citizenship under 28 U.S.C. § 1332 inasmuch as Plaintiffs are citizens and residents of foreign countries and Defendant is a resident of Texas. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The acts and transactions complained of in the prior suit occurred in the District of Colorado. The Note which is the basis of this action was entered into and

was payable in the District of Colorado.  In addition, the written settlement agreement among the parties in the prior suit provides that all parties consent to venue in the United States District Court for the District of Colorado to resolve any and all matters related to the settlement agreement.  Therefore, venue is proper in this Court.

6. A Summons indicating proof of service of the Complaint was served on the Defendant on December 22, 2009.  Pursuant to Fed. R. Civ. P. 12(a), Defendant was to answer or otherwise respond to the allegations in the Complaint on or before January 11, 2009.  To date, the Defendant has neither entered an appearance nor responded to the allegations in the Complaint.

7. Defendant is not an infant, incompetent person, officer or agent of the State of Colorado or in the military.

In consideration of the foregoing, and pursuant to Fed. R. Civ. P. 55(b)(2), it is hereby

ORDERED that Plaintiffs' Motion for Default Judgment Under Fed. R. Civ. P. 55(b) (docket #14) is **GRANTED** and the clerk shall enter default judgment against Defendant Donald J. Lemon in the following amounts:

    a. $85,000.00 principal owed under the Note;

    b. $8,532.58 interest accruing at 8% pursuant to the Note;

    c. $1,446.00 in attorney fees, pursuant to the Note;

    d. $325.00 in costs, pursuant to the Note;

For a total of $95,303.58, which shall accumulate at the legal rate from the date of this Order until such judgment is satisfied in full.  It is

FURTHER ORDERED that in light of this Order, the hearing set for **Friday, March 12, 2010 is VACATED.**

Dated: March 10, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge